**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRIAN A. WILKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF TEMPE; TOM RYFF, in his individual and official capacity as Tempe Police Chief; OFFICER MIKE WALLACE, in his individual and official capacity; OFFICER T. JOHNSON, in his individual and official capacity; DETECTIVE JEFF LOEWENHAGEN, in his individual and official capacity,<br><br>    Defendants. | No. CV 09-00752-PHX-MHM<br><br>ORDER |

    Currently before the Court is Defendants City of Tempe, Police Chief Tom Ryff, Officer Mike Wallace, Officer T. Johnson, and Detective Jeff Loewenhagen's Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. #22), filed on August 20, 2009. Thereafter, on August 26, 2009, Plaintiff Brian Wilkins filed his Response in Opposition to Defendants' Motion to Dismiss, (Dkt. #24), which Defendants replied to on September 15, 2009. (Dkt. #25). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

/ / /

## I. BACKGROUND

On April 13, 2009, Plaintiff filed suit against Defendants alleging violations of his constitutionally protected civil rights under 42 U.S.C. § 1983 and 42. U.S.C. § 1985, selective enforcement of state laws, defamation of character, intentional infliction of emotional distress, gross negligence, and failure to train. (Dkt. #1). These accusations stemmed from Plaintiff's arrest on July 22, 2008, by Tempe Police. Subsequently, Plaintiff amended his complaint, (Dkt. #5), then moved to amend it once again, filing a Motion for Leave to Amend Complaint and Attached Exhibit on July 13, 2009. This Court granted Plaintiff's Motion on August 5, 2009, and Plaintiff filed his First Amended Complaint that same day.[1] (Dkt. #21). Plaintiff's First Amended Complaint no longer includes the charge of gross negligence. Defendants have moved to dismiss all of Plaintiff's claims. (Dkt. #22).

## II. LEGAL STANDARD

The Court must liberally construe pleadings submitted by a pro se claimant, affording the claimant the benefit of any doubt. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, the Court "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007); see also Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999) ("A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts

---

[1] It appears that the most recent version of Plaintiff's complaint should properly be labeled as his Second Amended Complaint, and not, as it is now, his First Amended complaint. In its August 5, 2008, Order, this Court gave Plaintiff leave to file his Second Amended Complaint. (Dkt. #20). It appears, however, that Plaintiff labeled his newly amended complaint his First Amended Complaint, and, as a result it was docketed as First Amended Complaint. Accordingly, Defendants have asked this Court to dismiss Plaintiff's First Amended complaint. It does not appear to this Court, however, that this mislabeling has caused confusion, as Defendants' briefing is clearly based on Plaintiff's most recently amended complaint.

that would entitle it to relief."). In evaluating such a motion to dismiss, a district court need not limit itself to the allegations in the complaint; courts may take into account "facts that are [ ] alleged on the face of the complaint [and] contained in documents attached to the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). In addition, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### III. DISCUSSION

#### A. Plaintiff's § 1983 and §1985 Claims

Defendants argue that this Court must dismiss Plaintiff's § 1983 claims because it is barred by the rule set forth in Heck v. Humprey. 512 U.S. 477 (1994). In Heck the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus

Id. at 486–87. In other words, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). Accordingly, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. If, however, this Court determines that "plaintiff's action, even if successful, will not

demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed" Id.

The pertinent facts in this case are not in dispute. In his complaint, Plaintiff admits that Tempe Police arrested him on July 22, 2009, charging him with aggravated assault with a deadly weapon, possession of marijuana during a gun crime, and three counts of misconduct involving a weapon. (Dkt. #21, p.5, ¶22). On March 30, 2009, Plaintiff accepted a plea-bargain, from the Maricopa County Attorney's office and plead guilty to the Class 6 Undesignated crimes of disorderly conduct and possession of drug paraphernalia charges. (Dkt. #24, p.2). In support of his § 1983 claim, Plaintiff alleges only that but for the color of his skin—Plaintiff is African American—he would not have been arrested, and, as a result, the actions of the Tempe Police violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution. See U.S. Const. amend. XIV § 1 ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."). It is clear to this Court that were Plaintiff to succeed on his § 1983, it would necessarily "imply the invalidity of his conviction," as an arrest violative of Equal Protection would certainly call his plea bargain into question.

Still, in his Response, Plaintiff argues that Heck does apply because he did not actually plead guilty to the original charged against him, but instead to two different offenses; disorderly conduct and possession of drug paraphernalia. In support of this argument, Plaintiff cites the Tenth Circuit's decision in Butler v. Compton. 482 F.3d 1277 (10th Cir. 2007). In Butler, plaintiff brought a § 1983 suit alleging fourth amendment violations stemming from his arrest for burglary. Id. at 1280. The charges against plaintiff, however, were later dismissed as part of a plea agreement in which he agreed to plead guilty to three unrelated burglary charges stemming from a completely different incident. Id. at 1279–80. In holding that Heck did not bar plaintiff's § 1983 action, the Court emphasized that plaintiff did "not challenge any conduct relating to his conviction on the three burglary charges to which he pled guilty," but that "his sole challenge is to the constitutionality of . . .conduct during his arrest for the burglary charges that were dismissed." Id. at 1280. Accordingly,

the Court found that "[t]here is no related underlying conviction therefore that could be invalidated by [plaintiff's] § 1983 action." Id. at 1280.

The facts of Butler, however, are distinguishable from the instant case. Maricopa County did not dismiss the charges against Mr. Wilkins in exchange for his agreement to plead guilty to charges arising out of a separate and wholly unrelated incident. Instead, Plaintiff accepted a plea agreement that allowed him to resolve the charges that stemmed from the arrest that is the subject of his 1983 claim. The fact that the crimes which Plaintiff ultimately plead guilty to were not the ones with which he was originally charged is irrelevant; his conviction, unlike the one in Butler, arises out of the same incident that led to the original charges. Consequently, there is no way he can successfully challenge the constitutionality of his arrest without also demonstrating or implying the validity of his plea agreement. The Court, therefore, has no choice but to dismiss Plaintiff's § 1983 claims against Defendants Wallace, Johnson, and the City of Tempe.[2] For the same reasons, the Court must also dismiss Plaintiff's § 1985(3) claims, as Heck applies equally to them as well. See McQuillion v. Schwarzenegger, 369 F.3d 1091, 1098 fn.4 (9th Cir. 2004) ("We agree with our sister circuits that Heck applies equally to claims brought under §§ 1983, 1985 and 1986.").

In his Response, however, Plaintiff contends that even if Heck does apply to all claims stemming from his arrest, it does not present an obstacle to his § 1983 claim against Defendant Detective Loewenhagen because his complaint alleges that Loewenhagen's unconstitutional actions occurred after the conduct that is the subject of his plea agreement. Plaintiff is correct; Heck does not bar § 1983 suits predicated on events that occurred after the conduct that constituted the basis for a conviction. See, e.g., Smith v. City of Hemet, 394 F.3d 689, 693 (9th Cir. 2005) ("We . . . hold that Smith's § 1983 action is not barred by Heck because the excessive force may have been employed against him subsequent to the

---

[2] The Court is not unaware that Plaintiff disputes the legality of his plea and is in the process of challenging it right now. If and when Plaintiff succeeds in overturning his conviction, Heck will no longer likely present an obstacle to this 1983 claim.

time he engaged in the conduct that constituted the basis for his conviction."). Plaintiff's sole allegation against Defendant Loewenhagen, however, is that he "deemed the case closed the next morning, and failed to do any further investigation, despite all the obvious inconsistencies in the report and the fact that the alleged 'victim' was on probation for criminal simulation." (Dkt. #21, p.5, ¶24). Assuming the truth of this allegation , it still does not support a § 1983 suit. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged that Defendant Loewenhagen was at the scene of, made, or ordered his arrest, or had anything whatsoever to do with the events of July 22, 2008. And, Plaintiff has not explained, and this Court does not understand, how the act of "closing" the case against Plaintiff the next day demonstrates Defendant Loewenhagen's personal involvement in the alleged violation of Plaintiff's civil rights. Accordingly, the § 1983 claim based on Defendant's Loewenhagen's post-arrest action is also dismissed.

### B. Selective Enforcement of State Law

The Equal Protection clause of the Fourteenth Amendment to the Unites States Constitution "prohibits selective enforcement of the law based on considerations such as race." Whren v. United States, 517 U.S. 806, 813 (1996). "To prevail on [a] claim under the equal protection clause of the Fourteenth Amendment, a plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose." Rosenbaum v. City and County of San Francisco, 484 F.3d 1142, 1153 (9th Cir. 2007) (citing Wayte v. United States, 470 U.S. 598, 608 (1985)). "To establish a discriminatory effect ..., the claimant must show that similarly situated individuals ... were not prosecuted."Id. (quoting United States v. Armstrong, 517 U.S. 456, 465 (1996)). A plaintiff demonstrates a discriminatory purpose by showing that "the decision-maker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely

'in spite of,' its adverse effects upon an identifiable group." Id. (quoting Wayte, 470 U.S. at 610 (internal citation omitted)).

### 1. Discriminatory Purpose

Plaintiff's has not plead facts supporting a finding of discriminatory purpose. In his complaint, Plaintiff alleges that "[t]he City of Tempe and its Police Department have long held patterns, policies and practices of racial profiling," (Dkt. #21, p.6, ¶29), and "[t]o the Tempe Police, as long as crimes are committed against 'blacks,' it is overlooked and deemed de-facto illegal. However, if a 'black' has to protect him/herself by force from an attacking 'white,' they are arrested regardless of the facts and circumstances." (Id. at p.7, ¶30). From this, Plaintiff concludes that the police mistreated and arrested him—a black man—instead of his neighbor, Mr. Wood—a white man—because of the color of his skin. In support of this allegation, Plaintiff's complaint states that both Defendant Wallace and Defendant Ryff have each, on one separate occasion, been named in lawsuits alleging civil rights violations based on the impermissible use of race, and that another Tempe Police Officer, Chuck Shoville, was forced to retire in 2006 for conduct which stereotyped black men. (Id. at p.8, ¶¶32–33). "[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Even assuming the truth of these allegations, it is unreasonable to infer a policy or custom of racial discrimination based on the *filing* of two lawsuits and the forced retirement of one Tempe policeman. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). Additionally, Plaintiff has brought to the Court's attention two incidents, one in 2005 and one in 2008, where he alleges Tempe Police failed to arrest white men that fired guns in self-defense at black men, but were not arrested. (Dkt. #21, p.9, ¶¶39–40). Assuming the truth of these allegations, they are insufficient to establish a policy of discrimination. See, e.g., Davis v. Ellensburg, 869 F.2d 1230 (9th Cir. 1989) (manner of

one arrest insufficient to establish policy); Meehan v. Los Angeles County, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom).

Furthermore, Plaintiff's allegations do not support a finding that the named officers had a discriminatory purpose when they arrested Plaintiff. Plaintiff clearly believes he was the victim, and Mr. Wood, the man who called the police, was the aggressor. Consequently, he draws the conclusion that Defendants' decision to arrest him instead of Mr. Wood was motivated by race. This conclusion, however, is unsupported by any allegations of explicit racist conduct or any other facts suggesting an improper racial motive on the part of the officers. Even assuming Plaintiff's version of events is true, the fact that police chose to arrest him and not his neighbor, without more, is insufficient to support a finding of a discriminatory purpose, as it does not rise above mere speculation. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (stating pleadings must contain more than speculation).

### 2. Discriminatory Effect

Plaintiff's pleadings do not allege a discriminatory effect, as he has not alleged facts demonstrating that Defendants failed to enforce similar laws against similarly situated individuals. "The goal of identifying a similarly situated class ... is to isolate the factor allegedly subject to impermissible discrimination. The similarly situated group is the control group." United States v. Aguilar, 883 F.2d 662, 706 (9th Cir.1989) To be considered "similarly situated," the control group must be " prima facie identical in all relevant respects." Purze v. Vill. of Winthrop Harbor, 286 F.3d 452, 455-56 (7th Cir. 2004). In his complaint, Plaintiff does not specifically state which law or laws Defendants enforced against him, but not other similarly situated members of the community. Presumably, then, the laws about whose enforcement Plaintiff complains are those the police charged him with violating; aggravated assault with a deadly weapon, possession of/use of a weapon during a drug offense, and three counts of misconduct involving a weapon. Plaintiff has not alleged any facts whatsoever showing that similarly situated individuals were not charged with possession of/use of a weapon during a drug offense. As to the gun-related charges, as

mentioned previously, in support of his claim, Plaintiff has brought to the Court's attention two alleged incidents that occurred in Tempe, one in 2005 and one in 2008, where "white" men fired weapons at "black" men in self defense, but were not arrested. (Dkt. #21, p.9, ¶¶39–40). The 2008 incident does not involve a similarly situated person, as the man who fired his gun, but was not prosecuted, did so during an attempted burglary of his business, whereas Plaintiff was in his residence at the time he discharged his weapon. The 2005 incident might serve as comparator evidence, as it involves an intruder that was shot and killed after entering a man's apartment. Somewhat similarly, Plaintiff claims he fired three shots into the air to thwart Mr. Wood attempt to assault him with a knife in his home. Plaintiff, however, has failed to provide any more details concerning the 2005 incident, such that the Court can not ascertain if, in fact, he and the shooter in the 2005 incident are similarly situated. Even, however, if a valid comparison could be made, the unsubstantiated pleading of one incident that occurred four years ago is likely insufficient to support a finding of discriminatory effect, especially because the Ninth Circuit specifically mandates a showing of "similarly situated **individuals**" not just an individual. <u>Rosenbaum</u>, 484 F.3d at1153 (quoting <u>United States v. Armstrong</u>, 517 U.S. 456, 465 (1996) (emphasis added)). The Court need not, however, determine if the 2005 incident alone is sufficient to properly allege a discriminatory effect, as it has already decided that Plaintiff has not met his burden concerning discriminatory purpose.

Finally, Plaintiff's allegation that Defendants engaged in selective enforcement because they elected not to arrest Mr. Wood is insufficient to maintain a claim of discriminatory effect. First, Plaintiff has not alleged that he and Mr. Wood are similarly situated. In fact, the crimes for with which Plaintiff believes Mr. Wood should have been charged—extortion, violation of parole, assault with a knife, and disorderly conduct—are not identical to the ones with which he was ultimately charged. Accordingly, Mr. Wood is not a valid comparator, as he could not have been charged with the same crimes as those brought against Plaintiff. And, the Court notes that even if Plaintiff is correct in asserting that Mr. Wood should also have been arrested that night, "[d]ifferent treatment of dissimilarly situated

persons does not violate the equal protection clause." E & T Realty v. Strickland, 830 F.2d 1107, 1109 (11th Cir. 1987). Accordingly, because he has not plead facts, assuming their truth, that may sustain a finding of discriminatory purpose or effect, this Court must dismiss Plaintiff's selective enforcement claim.

### C. Failure to Train

A claim for failure to train is made out by showing that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers ... can reasonably be said to have been deliberately indifferent to the need." Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)). Where, however, there is no violation of a constitutional right, there is no basis for finding inadequate training. See Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994) ("[T]here was no violation of the decedent's constitutional rights, and thus no basis for finding the officers inadequately trained."). Because this Court has dismissed all of Plaintiff's constitutional claims, there are no longer grounds on which a failure to train claim might be maintained.

### D. State Law Claims

Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction. The only claims over which this Court enjoyed original jurisdiction were those Plaintiff brought under sections 1983 and 1985, and for selective enforcement of state laws and failure to train. Because this Court has determined that each of these claims must be dismissed, all that remains in this case are Plaintiff's related state-law claims for defamation and intentional infliction of emotional distress. Pursuant to section 1367, then, this Court declines to exercise its supplemental jurisdiction over Plaintiff's related state-law claims. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir.2001) (holding that district court may decline to exercise supplemental jurisdiction over related state law claims once it has dismissed all claims over which it had original jurisdiction).

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss as to all of Plaintiff's federal law claims.

**IT IS FURTHER ORDERED** dismissing for lack of jurisdiction Plaintiff's related state law claims for defamation and intentional infliction of emotional distress

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

DATED this 5th day of January, 2010.

_____
Mary H. Murgula
United States District Judge